IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO JOE MAES,

    Plaintiff,

  v.                                No. CIV 12-0989 RB/KBM

ROOSEVELT COUNTY JAIL,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, the Court will dismiss Plaintiff's claims against the named Defendant.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names Roosevelt County Jail as Defendant and alleges that Plaintiff was subjected to excessive force while confined there. In text, Plaintiff identifies Manny Gallegos as the individual responsible for the use of force. For relief, the complaint seeks damages and certain equitable relief.

The Court notes that a county jail is not a proper defendant in a civil rights action. *See White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) ("a detention facility is not a person or legally created entity capable of being sued."). The Court will dismiss Plaintiff's claims against Defendant Roosevelt County Jail and substitute Manny Gallegos as the named Defendant. Notice and waiver of service forms will be issued for Defendant Gallegos.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed Without Prepaying Fees or Costs (Doc. 4) is GRANTED, and an initial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly installment payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why payment should be excused, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Roosevelt County Jail are DISMISSED, and Defendant Roosevelt County Jail is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to substitute Manny Gallegos on the

docket as the named Defendant, and to issue notice and waiver of service forms, with copies of the complaint, for Defendant Manny Gallegos at the Roosevelt County Detention Center, 1700 North Boston Avenue, Portales, NM 88130.

            _____
            UNITED STATES DISTRICT JUDGE