UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ANTONIO JOE MAES,

       Plaintiff,

v.                                        CIV 12-0989 RB/KBM

MANNY GALLEGOS,

       Defendant.

# ORDER TO FILE A *MARTINEZ* REPORT

      This *pro se* prisoner civil rights matter is before the Court *sua sponte.*  As presiding As presiding District Judge Brack noted in an earlier opinion:

> The complaint names Roosevelt County Jail as Defendant and alleges that Plaintiff was subjected to excessive force while confined there. In text, Plaintiff identifies Manny Gallegos as the individual responsible for the use of force. For relief, the complaint seeks damages and certain equitable relief.

*Doc. 5* at 2.

      Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order Defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of her investigation in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim.  *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987).  A *Martinez* Report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary

judgment.  When a *Martinez* Report is used for summary judgment purposes, the *pro se*

plaintiff must be afforded an opportunity to present conflicting evidence to controvert the

facts set forth in the report.  *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

Wherefore,

**IT IS HEREBY ORDERED** that Defendant file a *Martinez* Report in

accordance with the instructions below:

1. The comprehensive *Martinez* Report(s) shall address all of Plaintiff's allegations and should include, but is not limited to:   whether documents or other records pertaining to the events exist; and whether prison policies or regulations address the situation;

2. If documents and records do exist, Defendant shall include copies of them as attachments to the *Martinez* Report.  Based on prior experience, the Court feels constrained to request that the attachments be arranged in a logical order.  Simply copying jumbled prison records will not suffice. The Court also requests that the attachments be Bates-stamped or otherwise be clearly serially marked;

3. Defendant must provide affidavits to properly authenticate submitted documents, and may also submit other affidavits in support of the *Martinez* Report;

4. The submission of documents alone shall not be considered in compliance with this Order.  Defendant is expected to also prepare the "report" portion of the *Martinez* Report that discusses the claims and the submissions that relate to those claims;

5. The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret.  As such, Defendant may redact confidential portions of documents submitted with the *Martinez* Report and provide that version to Plaintiff. Alternatively, he may request that Plaintiff not be permitted to review certain portions of the *Martinez* Report and its attachments.  If so, Defendant must make their objections to the Court fourteen (14) days prior to the *Martinez* Report filing and service date below.  The entire *Martinez* Report must be submitted along with the objections, both under seal, to the Court for ruling;

6. Given the detail required above, the Court will give ample time for Defendant to accomplish this task.   He shall file and serve his *Martinez*

Report no later than Friday, March 8, 2013;

7. Plaintiff shall file his response to the *Martinez* Report (Defendant receives service electronically) no later than Friday, April 5, 2013; and

8. Defendant shall file and serve his reply, if any, no later than Friday, April 12, 2013.

> **THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims.** *See Hall*, 935 F.2d 1106.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE